UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ERIC MARTIN,

               Petitioner,                           Case No. 25-cv-10509

v.                                          Honorable Susan K. DeClercq
                                                United States District Judge

DAVID GRECO, et al.,

               Defendants.

_____/

**OPINION AND ORDER SUMMARILY DISMISSING THE PETITION FOR A WRIT OF HABEAS CORPUS (ECF No. 1) AND DENYING A CERTIFICATE OF APPEALABILITY OR LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL**

Eric Martin, ("Petitioner"), presently residing in Taylor, Michigan, seeks the issuance of a writ of habeas corpus under to 28 U.S.C. § 2254.[1] In his *pro se* application, Petitioner challenges three separate criminal cases out of the 23rd District Court in Taylor, Michigan. For the reasons stated below, the petition for a writ of habeas corpus will be summarily dismissed without prejudice.

---

[1] Petitioner does not specify what statute under which he seeks habeas relief, only that he brings a "Common Law Petition For Writ of Habeas Corpus Pursuant to Art. 1, Sec. 9 of the U.S. Constitution." Because Petitioner is challenging several judgments out of the state courts, the Sixth Circuit has held that "numerous federal decisions . . . support the view that *all* petitions filed on behalf of persons in custody pursuant to State court judgments are filed under section 2254." *Rittenberry v. Morgan,* 468 F.3d 331, 337 (6th Cir. 2006).

## I. BACKGROUND

Petitioner challenges three separate judgments in this single petition. To start, Petitioner alleges that he was maliciously prosecuted in Cases 23-1510-OT, 23TA8605B 101, and 23TA8605C 101. Petitioner does not specify the basis of the convictions in each of these cases or the sentences imposed. This Court reviewed the docket sheets from the three cases on www.micourt.courts.michigan.gov.[2] In Case 23-1510-OT-OT, Petitioner was convicted of Driving While License Revoked.[3] In Case 23TA8605B 101, Petitioner was convicted of No Proof of Insurance.[4] In Case 23TA8605C 101, Petitioner was charged with Defective Tires but the charge was dismissed on October 29, 2024.[5] Petitioner alleges, in conclusory terms, that he was maliciously prosecuted for these offenses and that the trial judge erred in failing to

---

[2] Public records and government documents, including those available from reliable sources on the Internet, are subject to judicial notice. *See Daniel v. Hagel*, 17 F. Supp. 3d 680, 681 n.1 (E.D. Mich. 2014).

[3] https://micourt.courts.michigan.gov/case-search/court/D23/case-details?caseId=2023-23-1510-OT-OT-01&tenantKey=D23-82-1614609-00-00&searchUrl=%2Fcourt%2FD23%2Fsearch%3FlastName%3Dmartin%2520%26firstName%3Deric%26page%3D

[4] https://micourt.courts.michigan.gov/case-search/court/D23/case-details?caseId=2023-23TA18605B-OI-01&tenantKey=D23-82-1614609-00-00&searchUrl=%2Fcourt%2FD23%2Fsearch%3FlastName%3Dmartin%2520%26firstName%3Deric%26page%3D

[5] https://micourt.courts.michigan.gov/case-search/court/D23/case-details?caseId=2023-23TA18605C-OI-01&tenantKey=D23-82-1614609-00-00&searchUrl=%2Fcourt%2FD23%2Fsearch%3FlastName%3Dmartin%2520%26firstName%3Deric%26page%3D

grant his motion to dismiss the charges. Petitioner, however, does not allege specific grounds for relief.

## II. DISCUSSION

The petition is subject to dismissal for several reasons. First, Petitioner's habeas petition is deficient because he failed to pay the $ 5.00 filing fee or apply to proceed *in forma pauperis*. *See Gravitt v. Tyszkiewicz,* 14 F. App'x 348, 349 (6th Cir. 2001). Normally the Court would issue an order for Petitioner to correct the deficiency by either submitting the filing fee or an application to proceed *in forma pauperis*. However, there are other problems with the current petition.

The petition is also subject to dismissal because Petitioner challenges more than one judgment in a single petition. Rule 2(e) of the Rules Governing § 2254 Cases, Rule 2, 28 U.S.C. foll. § 2254 states:

> (e) Separate Petitions for Judgments of Separate Courts. A petitioner who seeks relief from judgments of more than one state court must file a separate petition covering the judgment or judgments of each court.

When a habeas petitioner brings different habeas challenges against separate convictions in a single action, the court may either dismiss the claims for failing to comply with Rule 2(e) or sever each line of challenges into its own habeas case. *See McKnight v. United States*, 27 F. Supp. 3d 575, 578 (D.N.J. 2014) (collecting cases).

Here, rather than sever each line of challenges, this Court elects to dismiss the entire petition based on Petitioner's failure to comply with Rule 2(e). First, that is

because Petitioner's application is already deficient based on his failure to pay the filing fee or submit an application to proceed *in forma pauperis*. But more crucially, that is also because Petitioner's habeas petition is conclusory and unsupported.

A habeas petition must allege enough facts to establish a cause of action under federal law, or else it may summarily be dismissed. *Perez v. Hemingway,* 157 F. Supp. 2d 790, 796 (E.D. Mich. 2001). Specifically, "a claim for relief in habeas corpus must include reference to a specific federal constitutional guarantee, as well as a statement of the facts which entitle the petitioner to relief." *Gray v. Netherland,* 518 U.S. 152, 162–63 (1996) (citations omitted). Federal courts must also dismiss any habeas petition that is legally insufficient on its face. *See McFarland v. Scott,* 512 U.S. 849, 856 (1994). Courts may summarily dismiss a habeas corpus petition if it plainly appears from the face of the petition or accompanying exhibits that the petitioner is not entitled to federal habeas relief. *See Crump v. Lafler,* 657 F.3d 393, 396 n.2 (6th Cir. 2011); *Carson v. Burke,* 178 F.3d 434, 436 (6th Cir. 1999); Rules Governing § 2254 Cases, Rule 4, 28 U.S.C. foll. § 2254. The Sixth Circuit has long indicated that it "disapprove[s] the practice of issuing a show cause order [to the respondent] until after the District Court first has made a careful examination of the petition." *Allen v. Perini,* 424 F.2d 134, 140 (6th Cir. 1970). A district court therefore shall screen out any habeas corpus petition which is meritless on its face. *Id.* at 141. No return to a habeas petition is necessary when the petition is frivolous, or

obviously lacks merit, or where the necessary facts can be determined from the petition itself without consideration of a return by the state. *Id.*

Conclusory allegations in a habeas petition, without evidentiary support, do not provide a basis for habeas relief. *Payne v. Smith,* 207 F. Supp. 2d 627, 650 (E.D. Mich. 2002). A mere "boiler-plate assertion" that a petitioner's conviction contains some unspecified flaw does not equate to a valid claim that a federal district court should research and consider. *See Gardner v. Norris*, 949 F. Supp. 1359, 1368 (E.D. Ark. 1996). Dismissal of a habeas petition under Rule 2(c) of the Rules Governing § 2254 Cases "is appropriate when a petition and accompanying pleadings are unintelligible and a court is unable to determine what alleged errors of fact or law are at issue for adjudication." *Arega v. Warden, Chillicothe Corr. Inst.*, 347 F. Supp. 3d 359, 361 (S.D. Ohio 2018).

Here, the current petition is subject to dismissal because the claims are incoherent and unintelligible. *Id.*; *see also Edwards v. Johns,* 450 F. Supp. 2d 755, 756 (E.D. Mich. 2006).

### III. CERTIFICATE OF APPEALABILITY

The Court denies a certificate of appealability. In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the

petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). When a district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claims, a certificate of appealability should issue, and an appeal of the district court's order may be taken, if the petitioner shows that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id.* at 484. "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

For the reasons stated above, the Court denies Petitioner a certificate of appealability both because he is challenging judgments out of different courts in a single petition, *see Tippins v. Chapman*, No. 23-CV-10876, 2023 WL 8190691, at *2 (E.D. Mich. Nov. 27, 2023), and beacuse the petition is unintelligible. *See, e.g.*, *Arega*, 347 F. Supp. 3d at 360. The Court will also deny Petitioner leave to appeal *in forma pauperis,* because the appeal would be frivolous. *See Allen v. Stovall,* 156 F. Supp. 2d 791, 798 (E.D. Mich. 2001).

## IV. CONCLUSION

Accordingly, it is **ORDERED** that the petition is **DISMISSED WITHOUT PREJUDICE**. Petitioner is **DENIED** a certificate of appealability or leave to appeal *in forma pauperis*.

**This is a final order and closes the above-captioned case**.


/s/ Susan K. DeClercq
SUSAN K. DeCLERCQ
United States District Judge

Dated: August 12, 2025